UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY and GLADYS FLEETWOOD, Husband and Wife; WOLVERINE, INC., a Washington Corporation; and REX and LUCINDA E. ROZMUS, Husband and Wife,<br><br>                Plaintiff,<br>-vs-<br><br>STANLEY STEEMER INTERNATIONAL, an Ohio Corporation,<br><br>                Defendant. | NO.   CV-09-00152-LRS<br><br>ORDER DENYING PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiffs ANTHONY and GLADYS FLEETWOOD, WOLVERINE, INC., and REX and LUCINDA E. ROZMUS'S ["Plantiffs"] Limited Motion for Reconsideration, filed July 15, 2010 (Ct. Rec. 156), noted without oral argument. Defendant, STANLEY STEEMER INTERNATIONAL, responded in opposition to Plaintiffs' limited motion for reconsideration (Ct. Rec. 161) on July 26, 2010. Plaintiffs replied to Defendant's opposition (Ct. Rec. 162) on August 4, 2010.

Plaintiffs ask the court to reconsider the court's order on July 2, 2010 (Ct. Rec. 155), denying Plaintiff Rozmus' Motion for Partial Summary Judgment (Ct. Rec. 79), granting in part and reserving in part Defendant Stanley Steemer's Motion for Summary Judgment Regarding Rozmus Plaintiffs (Ct. Rec. 94), and granting in part and reserving in part Stanley

ORDER DENYING PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION - 1

Steemer's Motion for Summary Judgment Regarding Fleetwood Plaintiffs (Ct. Rec. 99).

**DISCUSSION**

Motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e). Reconsideration may be appropriate if (1) newly discovered evidence is presented, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994). A motion for reconsideration is not appropriately brought to present arguments already considered by the court. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

Plaintiffs do not argue that there is new evidence or that there has been a change of controlling law, but that reconsideration is necessary to correct clear error committed by the court. (Ct. Rec. 157, at 3.) Defendant Stanley Steemer responds in opposition that Plaintiffs' motion for reconsideration should be denied because Plaintiffs have not cited any clear error made by the court and that Plaintiffs are simply rearguing points previously made or making points that could have been made previously. (Ct. Rec. 161 at 8-9.)

Plaintiffs make two claims in their motion for reconsideration. (Ct. Rec. 157 at 4, 7.) Plaintiffs' claims are limited in scope to a single count from their respective complaints for which this court previously granted partial summary judgment in favor of Defendant Stanley

Steemer.[1]  (Ct. Rec. 155 at 27-30, 37.)  Plaintiffs make two claims for reconsideration.  First, Plaintiffs contend that there was evidence before the court when it considered Defendant's motion for summary judgment that raises a question of material fact as to Stanley Steemer's alleged breach of its duty of good faith and fair dealing in regard to its contractual duty to provide advice, counseling and management assistance. (Ct. Rec. 157 at 4.)  Plaintiffs second claim is that as to Rozmus, the court improperly made a factual determination that should have been left to a jury with respect to Stanley Steemer's alleged breach of its contractual duty to act in good faith by failing to act in a timely manner upon Rozmus's application to transer the Yakima territory in 2007.  (Ct. Rec. 157 at 7.)

**1. Duty to Provide Advice, Counseling and Management Assistance**

Plaintiffs claim that the court committed clear error by granting summary judgment when Plaintiffs provided evidence that Stanley Steemer gave unsound business advice, counseling and management assistance. Plaintiffs argue that genuine issues of material fact preclude summary judgment.  (Ct. Rec. 157 at 4.)

In this court's order granting partial summary judgment in behalf of Stanley Steemer, the court found that Plaintiffs were arguing that Stanley Steemer had breached the common law principle of "good faith and fair dealing" that is inherent in every business relationship, and specifically with respect to Stanley Steemer's termination of the

---

[1] "Breach of contract and of the implied covenant of good faith and fair dealing that is implied in every contract relationship." (Pls. Am. Compl., Ct. Rec. 7 at 23 ¶ 6.1.6.)

franchise agreements and Stanley Steemer's failure to process Rozmus's Yakima area franchise right transfer application. (Ct. Rec. 155 at 27-28.) The court found that Plaintiffs were arguing that Stanley Steemer had breached its covenant of good faith and fair dealing by "encourag[ing] Plaintiffs to incur greater debt to grow the business volume while not being overly concerned about the load of debt being incurred." (Id. at 29-30 (quotation marks omitted).) The court found that no questions of material fact remained for resolution and denied Plaintiffs' claim. (Id. at 30.)

Plaintiffs now argue in their motion for reconsideration that Stanley Steemer has breeched its covenant of good faith and fair dealing with respect to a specific provision of the franchise agreement which states that "Stanley Steemer will furnish such additional advice, counseling and management assistance as Franchise Owner shall reasonably request." (Ct. Rec. 157 at 4; see Ct. Rec. 73-4 at 15 ¶ Article VIII(M).) Plaintiffs argue that Stanley Steemer provided unsound business advice, counseling and management assistance:

> (a.) Stanley Steemer prepared and provided cash flow projections and annual budgets to Plaintiffs, which Plaintiffs relied upon in making financial decisions such as significantly increasing their debt levels. These projections and budgets required plaintiffs to spend significant amounts of money for such things as advertising, marketing and purchase of additional equipment and vehicles, with the singular purpose of rapid expansion of the franchise market. (Ct. Rec. 122 at ¶¶ 6, 22; Ct. Rec. 126 at ¶ 8).)
>
> (b.) Stanley Steemer consistently and repeatedly encouraged Plaintiffs to rapidly grow their franchises at all costs. (Ct. Rec. 122 at ¶¶ 10, 12, 15, 19; Ct. Rec. 126 at ¶¶ 11, 13.) This is despite the fact that Stanley Steemer knew for a fact that a franchisee experiencing such rapid growth was "out of control" and "going to have problems."(Ct. Rec. 127-1 at 12.)

ORDER DENYING PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION - 4

1    (c.)   Stanley Steemer actively promoted and encouraged a
      business model of initial debt financing and increasing debt
2     equity as a financially appropriate way for Plaintiffs to grow
      their business and increase sales. (Ct. Rec. 122 at ¶¶ 10, 12,
3     15, 19; Ct. Rec. 126 at ¶¶ 11, 13.)  Plaintiffs' experts have
      opined that the business model promoted by Stanley Steemer is
4     financially unsound.  (Ct. Rec. 127-1 at 29.)

(Ct. Rec. 157 at 5.)  Plaintiffs claim that these assertions raise a genuine issue of material fact as to whether Stanley Steemer provided unsound business advice, counseling and management assistance and that the court committed clear error by granting summary judgment. (Ct. Rec. 157 at 2, 4.)  The court disagrees.

The court declines to find that there is any question of material fact as to whether Stanley Steemer breached an implied covenant of good faith and fair dealing specifically pertaining to the provision of the franchise agreement which states that Stanley Steemer will provide additional advice, counseling and management assistance requested by a franchisee.  This court previously found that Stanley Steemer had not breached the covenant of good faith and fair dealing as to the entire franchise agreement, (Ct. Rec. 155 at 30), which encompasses this clause of the franchise agreement now relied upon by Plaintiffs.

Subheadings (a.) and (b.) simply restate arguments raised by Plaintiffs in their opposition to Defendant's motion for summary judgment.  (See Ct. Rec. 119 at 4-6, 14-15.)  The court previously considered the same representations made by Plaintiffs counsel and determined that such statements encouraging growth, if they had been made, only represented a hope for the future of the franchises, and did not establish a material question of fact in light of the inherently

speculative nature of the statements which were allegedly made. (See Ct. Rec. 155 at 30.)

Under subheading (c.), Plaintiffs cite to their previously submitted expert report to support their new argument that Plaintiff's expert opinion raises a question of fact that Stanley Steemer provided unsound business advice. (Ct. Rec. 157 at 5-6.) Plaintiffs have improperly raised a new argument in their motion for reconsideration that could have been raised in there opposition to Defendant's motion for summary judgment, and therefore, the court will not grant their motion based on this argument. See Christie v. Iopa, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999); see also Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999). Further, even if the court were to consider this argument on reconsideration, the court would find the same argument to be without merit. Plaintiffs were free to seek financial and business advice regarding their franchise agreements and business dealings with Stanley Steemer. Plaintiffs, in their respective Franchise Agreements with Stanley Steemer, Article XVI, subparagraph (C.), stipulate to having been accorded ample opportunity to consult with advisors of their own choosing:

> C. <u>CONSULTATION</u>. FRANCHISE OWNER STATES THAT HE OR SHE HAS RECEIVED, READ AND UNDERSTOOD THIS AGREEMENT, AND HAS BEEN ACCORDED AN AMPLE OPPORTUNITY AND A PERIOD OF NOT LESS THAN FIVE (5) BUSINESS DAYS AFTER RECEIPT OF A FINAL COPY OF THIS AGREEMENT TO CONSULT WITH ADVISORS OR HIS OR HER OWN CHOOSING CONCERNING THE POTENTIAL BENEFITS AND RISKS THAT MAY BE INVOLVED IN ENTERING INTO THIS AGREEMENT AND BECOMING A STANLEY STEEMER FRANCHISE OWNER.

(Ct. Rec. 73-3 at 15; Ct. Rec. 73-4 at 22.) Additionally, this court found that the implied obligation of good faith and fair dealing is

ORDER DENYING PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION - 6

designed to protect the reasonable expectations of the parties to a contract. (Ct. Rec. 155 at 29.)  The parties specifically stipulated in their Franchise Agreements in Article XVI that Stanley Steemer made no guarantee as to the success of the Plaintiffs' franchise business ventures:

> D.  <u>DISCLAIMER</u>. FRANCHISE OWNER ACKNOWLEDGES THAT STANLEY STEEMER HAS MADE NO WARRANTY OR GUARANTEE, EXPRESS OR IMPLIED, AS TO THE POTENTIAL INCOME, PROFIT OR SUCCESS OF THE BUSINESS VENTURE CONTEMPLATED BY THIS AGREEMENT.

(Ct. Rec. 73-3 at 15; Ct. Rec. 73-4 at 22.)  Therefore, the court declines to find that there is a question of material fact of whether Stanley Steemer provided unsound business advice merely because the success of Plaintiffs' respective franchises did not meet Plaintiffs' expectations, especially when Plaintiffs had ample opportunity and were encouraged to receive consultation from advisors of their own choosing.

Plaintiffs also cite to an unpublished Fourth Circuit opinion from 1987 to support their claim that the issue of whether a franchiser has breached a contract with a franchisee by failing to act in good faith or deal fairly is a question of fact for the jury.  (Ct. Rec. 157 at 6 (citing Fox v. Dynamark Sec. Ctrs., 885 F.2d 864, 1989 WL 106802 (4th Cir. 1989 Sept. 1, 1989).)  However, this authority is neither controlling, nor does it represent an intervening change in law.  The court does not find it persuasive because it only addresses, inter alia, whether there was sufficient evidence to sustain a jury verdict following a trial on breach of contract and does not discuss summary judgment.  See Fox, 1989 WL 106802 at *3.

**2.  Transfer of Yakima Territory**

ORDER DENYING PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION - 7

In this court's order granting partial summary judgment in behalf of Defendant Stanley Steemer, the court rejected Plaintiffs' claim that Stanley Steemer had breached an implied covenant of good faith and fair dealing with Rozmus, despite Plaintiffs' allegation that Stanley Steemer failed to process Rozmus's Yakima-area franchise transfer application in a timely basis. (Ct. Rec. 155 at 127.) The court reached its conclusion based on two dispositive and undisputed facts: First, the court found that on February 2, 2007, Rozmus was in default on his payments, owing Stanley Steemer $62,915.79, and thus had materially breached the terms of the Franchise Agreement. (Id. at 17.) Rozmus's failure to pay his obligations was designated a material breach, which allowed Stanley Steemer to terminate the franchise. (Id. at 17, 27.) On February 28, 2007, Rozmus and Stanley Steemer entered into a Franchise Termination Agreement, a forbearance agreement that terminated the original Franchise Agreement and required monthly installment payments on a promissory note in the amount of the delinquent balance. (Ct. Rec. 155 at 18; Ct. Rec. 73-6 at 1-2.)

Secondly, the Franchise Termination Agreement expressly prohibited Rozmus from selling his franchise rights if he was in default. (Ct. Rec. 155 at 28; .) The court found it was undisputed that Rozmus was in default under the Franchise Termination Agreement at the time of his alleged territory transfer application and that Stanley Steemer's failure to process the application was based on Rozmus's default status. (Id. at 27.) Based on these findings, the court concluded that Stanley Steemer had not breached the implied covenant of good faith and fair dealing concerning Rozmus, and specifically concerning Stanley Steemer's

alleged failure to process the territory transfer application on a timely basis. (Id. at 30.)

Plaintiffs also dispute this court's finding that Rozmus was in default of the Franchise Termination Agreement at the time of the alleged territory transfer application in April 2007. (Ct. Rec. 157 at 9.) Plaintiffs claim that Stanley Steemer failed to meet its evidentiary burden to establish that Rozmus was in default of the Franchise Termination Agreement in April, 2007. (Id.) Defendant counters Plaintiffs' claim by referring the court to Defendant's (Ct. Rec. 96) and Plaintiffs' (Ct. Rec. 120) statements of facts. (Ct. Rec. 161 at 7.) In his answer to Defendant's counterclaim, Rozmus admitted to becoming "increasingly delinquent in his payment obligations from March 2007 through April 2008." (Ct. Rec. 26 at 3 ¶ 2.13.) Defendant reasserted this admonition in its statement of facts filed with its motion for summary judgment. (Ct. Rec. 96 at 18.) Rozmus did not dispute this fact in his statement of facts. (See Ct. Rec. 120 at 3-4.)

Per the Local Rules of the United States District Court for the Eastern District of Washington, in determining a motion for summary judgment, the court may assume the facts claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the opposing party's responsive statement of facts. Rule LR 56.1. Since Rozmus did not dispute that he was in default of the Franchise Termination Agreement as early as March 2007, and through April 2008, the court was correct in finding that Rozmus was in default of the Franchise Termination Agreement at the time of the alleged territory transfer application in April 2007. Therefore, there

ORDER DENYING PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION - 9

is no genuine issue of material fact as to whether Rozmus was in default of the Franchise Termination Agreement at the time of the alleged territory transfer application.

Plaintiffs' second claim is that there is a genuine issue of material fact as to whether Stanley Steemer failed to process the transfer application based on Rozmus's default on the Franchise Termination Agreement. (Ct. Rec. 157 at 10.) The court need not address this claim because it is moot. In the court's order granting summary judgment in behalf of Defendant, the court found that the Franchise Termination Agreement expressly prohibited Rozmus from selling his franchise rights if he was in default. (Ct. Rec. 155 at 28.) Since it is undisputed that Rozmus was in default of the Franchise Termination Agreement at the time of the alleged territory transfer application, supra, Rozmus was contractually prohibited from transferring any franchise rights he may have had at that time. Since Rozmus was contractually prohibited from transferring the franchise at the time of the alleged transfer application, Stanley Steemer could not have breached an implied covenant of good faith and fair dealing because it did not process the transfer application in a timely manner. Therefore, any factual dispute regarding Stanley Steemer's basis for not processing the transfer application is not material and therefore cannot preclude summary judgment.

### Conclusion

For the foregoing reasons, the court concludes that it did not commit clear error in granting partial summary judgment in behalf of defendant. Accordingly,

1   **IT IS ORDERED** that Plaintiffs' Limited Motion for
2   Reconsideration, filed  July 15, 2010, **Ct. Rec. 156,** is **DENIED.**
3      The District Court Executive is directed to file this ORDER and
4   provide copies to counsel.
5      **DATED** this 10th day of September, 2010.

                                    s/Lonny R. Suko
                                  _____
                                       LONNY R. SUKO
                              CHIEF UNITED STATES DISTRICT JUDGE