UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY and GLADYS FLEETWOOD, Husband and Wife; WOLVERINE, INC., a Washington Corporation; and REX and LUCINDA E. ROZMUS, Husband and Wife,<br><br>    Plaintiffs,<br><br>  -vs-<br><br>STANLEY STEEMER INTERNATIONAL, INC., an Ohio corporation,<br><br>    Defendant. | NO.  CV-09-0152-LRS<br><br>SUPPLEMENTAL ORDER RE: SUMMARY JUDGMENT MOTIONS AND DIRECTING JUDGMENT |

On July 2, 2010, this Court issued an order granting Stanley Steemer's motions for summary judgment regarding Plaintiffs' claims and denying the Rozmus Plaintiffs' motion for partial summary judgment. This Court also ordered the filing of supplemental memoranda regarding any amounts owed by Plaintiffs to Stanley Steemer, pursuant to Defendant's counterclaims that were a subject of the summary judgment motions. The parties timely filed supplemental briefing in this matter (Ct. Recs. 159, 160) and the Plaintiffs additionally filed a motion for reconsideration in response to the request for supplemental briefing (Ct. Rec. 156). The court addressed Plaintiff's motion for reconsideration first and has entered an Order Denying Plaintiff's Motion for Reconsideration.

Defendant indicated in its Supplemental Memorandum (Ct. Rec. 160)

ORDER - 1

that in light of the partial ruling on its Summary Judgment Regarding Rex and Lucinda Rozmus (Ct. Rec. 94), Stanley Steemer no longer seeks reimbursement of the consideration given to Mr. Rozmus pursuant to that agreement.

Defendant also indicated in its Supplemental Memorandum (Ct. Rec. 160) that the Fleetwood Plaintiffs owe Stanley Steemer for the following: (1) amounts due under Mr. Fleetwood's agreements; (2) reimbursement of amounts Stanley Steemer paid as guarantor of Mr. Fleetwood's and Wolverine, Inc.'s lease obligations; and (3) damages for Mr. Fleetwood's breach of his covenant not to compete.

The court finds that the Fleetwood Plaintiffs have not disputed the amounts they owe Stanley Steemer. Rather, their sole defense to payment was various "legal and equitable defenses" that this Court has now found to be without merit in it Order Re: Summary Judgment Motions (Ct. Rec. 155) entered on July 2, 2010. For example, in the Joint Pretrial Order, the Fleetwood Plaintiffs dispute that they are legally obligated to pay, but do not dispute the amounts due as of April 30, 2010:

> (a) Under the May 2005 note, $356,371.91 in principal and interest;
> (b) Under the Franchise Agreement and Franchise Termination Agreement (covering amounts arising on and after May 2005): $100,581.78 for past-due royalty payments, $45,098.28 for advertising and marketing fees, $10,886.45 for local telephone fees, $1,225.83 for parts and miscellaneous invoices, and $11,034.86 for service charges, for a total exceeding $168,827.20, plus interest;
> (d) For violations of the noncompete provision, $12,007.32, plus 7% of all sales from all carpet-and-upholstery cleaning performed by any business owned or operated by Mr. Fleetwood from

ORDER - 2

> January 2010 through August 29, 2011; [and]
> (e) Plus interest at the default rate of 18% per annum as provided in the Franchise Agreement.

Joint Pretrial Order 8, ¶ 56, Ct. Rec. 151.)

With accrued interest through July 15, 2010, the amount due from the Fleetwood Plaintiffs now totals $657,346.28, inclusive of the guarantee obligation and post-termination royalties. (Declaration of D. Ryan Jankowski, Esq., Exh. A, ¶¶ 4-5).

Plaintiffs further challenge their ultimate liability for payment on the guaranty on the basis that Stanley Steemer has possession of the vehicles. As explained in Stanley Steemer's reply memorandum, this point is irrelevant because, as with all vehicle leases, Plaintiffs never had title to the vehicles. As is typical of vehicle leases, when the lessee defaults, the total amount owed under the lease becomes immediately due. Stanley Steemer, as guarantor, thus had to pay the full lease amount, which it paid. Whether Stanley Steemer obtained title or possession from the lessor is irrelevant. Accordingly, the court finds that Plaintiffs are obligated to reimburse Stanley Steemer for the amounts it paid.

The Fleetwood Plaintiffs do not dispute that Stanley Steemer paid $138,284.77 pursuant to its guaranty obligations. (Stanley Steemer's Rule 56.1(a) Statement of Facts, ##65-66.) As explained in Stanley Steemer's summary judgment motion, Wolverine, Inc., the primary obligor on the vehicle leases, owes this entire amount to Stanley Steemer. Mr. Fleetwood, as a co-guarantor, owes Stanley Steemer one-half the amount Stanley Steemer paid: $69,142.39. Stanley Steemer is entitled to only a

ORDER - 3

single recovery for reimbursement of its guaranty payments; if it collects the full amount from Wolverine, Inc., then Mr. Fleetwood would no longer owe his half. If Stanley Steemer collects first from Mr. Fleetwood, however, Wolverine, Inc., would then only owe the remaining one-half.

Finally, in regard to the covenant not to compete, Stanley Steemer is entitled to payments from Mr. Fleetwood for his breaches of the same. First, Mr. Fleetwood has waived any challenge to the validity of the noncompete. In opposing Stanley Steemer's summary judgment motion, Mr. Fleetwood argued only that "[Stanley Steemer's] material breach of contract in unlawfully terminating [his] franchise . . . relieve[d] [him] from further performance of that contract." (Pls.' Mem. Opp'n at 48, Ct. Rec. 119.) He did not challenge the validity of the provision itself. Because this Court has found Stanley Steemer's termination to be contractually justified, Mr. Fleetwood's sole argument for why the noncompete provision did not apply to him fails, and that provision is enforceable against him. Because the Franchise Agreement between Mr. Fleetwood and Stanley Steemer provides for only a two-year post-termination period and does not extend beyond the geographic area specified by the Franchise Agreement, it falls well within acceptable parameters for such provisions pursuant to Washington state case law. *See Armstrong v. Taco Time Int'l, Inc.*, 30 Wash. App. 538, 543-44 (1981) (indicating that a noncompete clause in a franchise agreement is reasonable if it covers the same franchise area and be in effect for two

ORDER - 4

and a half years after termination).

As for the amount of damages, this Court noted that "[i]t is undisputed that Mr. Fleetwood had gross sales of $204,929.43 from September through April 3, 2010, which would entitle Stanley Steemer to $14,344.92 in royalties, of which Mr. Fleetwood has paid only $2,337.593 . . . ." (Order at 34, Ct. Rec. 155.) Stanley Steemer is entitled to payment of this amount (less the amount paid), plus 7% of Mr. Fleetwood's future gross sales from July 10, 2010 through August 28, 2011.[1]

Defendant concludes that the Fleetwood Plaintiffs owe $657,346.28, and will continue to owe monthly royalty payments based upon competing sales from July 10, 2010 until August 28, 2011. Wolverine, Inc., owes $138,284.77 for the reasons stated above.

**IT IS HEREBY ORDERED:**

1. Defendant Stanley Steemer International's Motion for Summary Judgment Regarding Rex and Lucinda Rozmus, **Ct. Rec. 94**, is **GRANTED.**

2. Defendant Stanley Steemer International's Motion for Summary Judgment Regarding Fleetwood Plaintiffs, **Ct. Rec. 99**, is **GRANTED.** Pursuant to Defendant's Counterclaims, judgment should be entered against the Fleetwood Plaintiffs in the amount of $657,346.28. Judgment should be entered against Plaintiff Wolverine, Inc. in the amount of $138,284.77.

---

[1] In response to a request by Defendant's counsel, Mr. Fleetwood's counsel provided the Tedy Fresh sales figures from April 4, 2010, through July 9, 2010, which total $45,085.89.

ORDER - 5

**IT IS ORDERED** that the District Court Executive shall prepare and enter a judgment consistent with this order and Order Re: Summary Judgment Motions, Ct. Rec. 155.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 13th day of September, 2010.

s/Lonny R. Suko

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 6